Argued January 27, affirmed March 16, 1926.

SADIE COOPER, ADMINISTRATRIX, *v.* NORTH COAST POWER CO. ET AL.

(244 Pac. 671.)

(No Syllabus.)

Appeal and Error, 4 C. J., p. 765, n. 85, p. 854, n. 70.
Elections, 20 C. J., p. 345, n. 3, p. 353, n. 65, p. 372, n. 36, p. 390, n. 75, p. 392, n. 92.
Negligence, 29 Cyc., p. 631, n. 53.
Trial, 38 Cyc., p. 1565, n. 76, 77.

From Columbia: J. A. EAKIN, Judge.

Department 2.

This case is predicated upon the alleged negligence of the defendants in the construction and maintenance of an electric power line, which resulted in the electrocution of a twelve year old child. From a judgment against them in the sum of $7,500, the defendants appeal.    AFFIRMED.

For appellant North Coast Power Company there was a brief over the name of *Messrs. Wilbur, Beckett,*

*Howell & Oppenheimer,* with an oral argument by *Mr. H. B. Beckett.*

For appellant George Ringle, there was a brief over the name of *Messrs. Hayden, Langhorne & Metzger,* with an oral argument by *Mr. F. D. Metzger.*

For respondent, there was a brief and oral argument by *Mr. Glen R. Metsker.*

BROWN, J.—The plaintiff brought this action as administratrix of the estate of Walter Cooper, deceased. She avers the corporate existence of the defendant, North Coast Power Company, and the relation of principal and agent as existing between it and its codefendant, George Ringle. She avers the construction and maintenance by the defendants of an electric power line between the towns of Goble and Rainier, Columbia County, Oregon; that the defendant corporation is engaged in the manufacture of electricity and in the transmission over its power line of electricity of a high and dangerous voltage; that, between the Spokane, Portland & Seattle Railroad and the Columbia River Highway, and within the corporate limits of Rainier, is a small tract of land owned by one Mary Newsome, which contains an uninclosed clearing or field and public commons; that, on the side of the clearing next to the highway there stood a small, unoccupied cabin with a sloping roof, and, in close proximity to the cabin, a large yew tree with many widespreading branches putting out from the trunk, from its top to a point within six feet of the ground. This tree was more than fifty feet in height, its trunk very heavy, and some of its outspreading branches extended over the

117 Or.—25

roof of the cabin. She then avers that, in 1920, the defendants constructed their power line across the Newsome tract and over this line began the transmission of electricity of a dangerous voltage; that, in the erection of its power line, the defendants extended the wire over the roof of the cabin and in line with the tree; that, in order to give clearance to the wires, they topped the tree at a height of sixteen feet and four inches from the ground and four feet and four inches below the wires, leaving directly under such wires a stump two feet and eight inches in diameter at the top, which stump was thickly limbed from its top to a point within six feet of the earth; that the acts of the defendants in the premises combined to make of the abandoned cabin, the tree and the power line an attractive nuisance for children. She alleges that the defendants were negligent in the construction and maintenance of such power line; that, on May 24, 1922, that part of the Newsome tract within the field was, and for years had been, commonly used by the public, and particularly by the residents of Rainier, as a picnic and camping ground, all of which the defendants knew, or should have known; that, on the above-mentioned date, Walter Cooper, twelve years of age, a pupil of the Rainier public schools, accompanied by other pupils, went upon the Newsome tract for a picnic; that Walter was attracted to the tree, and, being ignorant of the fact that the wires of the power line were strung above the top of the stump, and that the wires carried an electric current, climbed the tree, with the result that upon reaching the topmost height thereof, by some unknown means he came in contact with the wires and was instantly killed.

The defendants deny negligence upon their part. They assert that Walter Cooper had been warned of the dangerous situation and that he was a trespasser, and plead the defense of contributory negligence.

For a further statement of the facts involved herein, see the case of *Sadie Cooper* v. *North Coast Power Co., a Corporation,* and *George Ringle* (Or.), 244 Pac. 665, a companion case, decided this day. The questions arising in this cause are the identical questions involved in that. The ruling of the trial court in denying the defendants' motion for a directed verdict presents the only serious problem. After a full and fair consideration of the testimony and the law applicable thereto, we are of opinion that this case was properly submitted to the jury.

Having considered all the alleged errors and finding no sufficient reason for a reversal, this cause is affirmed.                                      AFFIRMED.

McBRIDE, C. J., and BELT, J., concur.

RAND, J., dissents.